UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE VERDUN,<br><br>            Plaintiff,<br><br>v.<br><br>FIDELITY CREDITOR SERVICE and DOES 1-10,<br><br>            Defendants. | Case No.: 14-cv-0036-DHB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 36) AND SUA SPONTE GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT** |

**I.    INTRODUCTION**

Pending before the Court is Plaintiff Jessie Verdun's ("Plaintiff") motion for summary judgment. (ECF No. 36.) In his complaint, Plaintiff alleges claims arising out of Defendant Fidelity Creditor Service's ("Defendant") demand for interest on Plaintiff's debt and summarization of California Civil Code section 1788.21 in a debt collection letter sent to Plaintiff. However, in his motion for summary judgment, Plaintiff only addresses the inclusion of section 1788.21 in the debt collection letter. Therefore, the Court construes Plaintiff's motion as a motion for partial summary judgment.

The parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 18, 19.) For the reasons set forth below, Plaintiff's motion for partial summary judgment is **DENIED**, and partial summary judgment is *sua sponte* granted in favor of Defendant.

## II. FACTUAL BACKGROUND

The facts giving rise to Plaintiff's claims are undisputed. (ECF No. 36-1 at 5; ECF No. 38-2 at 3.)[1] Plaintiff failed to pay a bill for medical services he received from Cardiology Associates Medical. (ECF No. 36-1 at 9; ECF No. 36-3 at 2; ECF No. 38-2 at 2.) Plaintiff's account was assigned to Defendant, a licensed collection agency, for collection. (ECF No. 36-3 at 2.) On July 27, 2013, Defendant sent Plaintiff a collection letter regarding his outstanding medical debt in an attempt to collect on that debt. (ECF No. 36-1 at 5, 9; ECF No. 38-2 at 2.) The letter stated,

> The Rosenthal Act, California Civil Code Section 1788.21, requires that within a reasonable time you notify your creditor or prospective creditor of any change in your name, address, or employment, if and only if the creditor clearly and conspicuously in writing disclosed such responsibility to you.

(ECF No. 36-3 at 2.)

## III. PROCEDURAL HISTORY

Plaintiff filed a complaint against Defendant on January 6, 2014, arguing that Defendant violated the Federal Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and its state equivalent, the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code §§ 1788 *et seq.*, by including in its debt collection letter a summary of California Civil Code section 1788.21 ("section 1788.21"). (ECF No. 1.) On April 14, 2016, Plaintiff filed a motion for partial summary judgment. (ECF No. 36.) Defendant failed to timely oppose Plaintiff's motion, and Plaintiff filed a reply in support of its motion for partial summary judgment on May 13, 2016. (ECF No. 37.) On May 17, 2016, Defendant filed an *ex parte* motion to shorten time and for acceptance of Defendant's untimely opposition to Plaintiff's partial summary judgment motion. (ECF No. 38.) Defendant attached its opposition brief as an exhibit to its motion. (ECF No. 38-

---

[1] The pages cited refer to the page numbers assigned by the Court's Electronic Case Filing System.

2.) The Court then granted Defendant's *ex parte* motion, and Defendant's opposition was deemed filed as of May 17, 2016. (ECF No. 40.) Plaintiff filed a reply in support of his motion for partial summary judgment on June 1, 2016. (ECF No. 43.)

Plaintiff subsequently filed a notice of recent decision highlighting an Eleventh Circuit opinion on the issue of Article III standing in FDCPA cases following the Supreme Court's ruling in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). (ECF No. 46.) Defendant filed a response to Plaintiff's notice of recent decision on July 13, 2016. (ECF No. 47.)

## IV. LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where, as here, "the material facts are undisputed and resolution of a motion for summary judgment turns on a question of law . . . the court is left with the obligation to resolve the legal dispute between the parties as a matter of law." *Gulf Ins. Co. v. First Bank*, No. CIV S-08-209, 2009 WL 1953444, at *2 (E.D. Cal. July 7, 2009) (citing *Asuncion v. Dist. Dir. of U.S. Immigration and Naturalization Serv.*, 427 F.2d 523, 524 (9th Cir. 1970)); *see also Int'l Ass'n of Machinists and Aerospace Workers, Dist. 776 v. Texas Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976) (citing *Asuncion*, 427 F.2d at 524) ("It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate.")

## V. DISCUSSION

### A. Standing

In Defendant's opposition to Plaintiff's motion for partial summary judgment, Defendant argues that Plaintiff did not establish Article III standing as required to invoke the subject matter jurisdiction of this Court because Plaintiff has not suffered a concrete injury. (ECF 38-2 at 6.)

/ / /

/ / /

1. **Legal Standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Anyone seeking "to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983). Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must demonstrate (1) an "injury in fact," (2) that is fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision. *Id.* at 560–61.

It is well settled that an injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical . . . ." *Id.* at 560. An injury is particularized if it affects the plaintiff in a personal and individual way. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). An injury is concrete if it is "'de facto,' that is, it must actually exist." *Id.*

2. **Parties' Arguments**

Defendant argues that under the recent Supreme Court decision, *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016), Plaintiff lacks Article III standing because he suffered no concrete injury as a result of receiving Defendant's debt collection letter. (ECF No. 38-2 at 6.) Defendant contends that Plaintiff suffered no injury because he did not rely on the letter or send his contact information to Defendant in response to the letter. *Id.* Rather, Defendant asserts that Plaintiff took no action after receiving the letter. *Id.* Even if the letter technically violated the FDCPA and Rosenthal Act, Defendant argues that Plaintiff cannot establish standing because he suffered no harm and alleging a statutory violation that caused no harm is insufficient to establish standing.[2]

---

[2] Plaintiff alleges a violation of the more general FDCPA section 1692e and the more specific section 1692e(10). Section 1692e states that "[a] debt collector may not use any

Plaintiff counters that he asserted a concrete injury because he "alleged more than a bare procedural violation." (ECF No. 43 at 10.) Plaintiff argues that he alleged receiving a false and misleading letter in violation of the FDCPA, which is an intangible harm as determined by Congress and thus a concrete injury. *Id.* at 8–10. Plaintiff further asserts that he suffered a concrete injury because he was confused by the letter and thus contacted and paid a lawyer to clarify his legal obligations regarding the debt. *Id.* at 11.

### 3.    Analysis

In *Spokeo*,[3] the Supreme Court held that a plaintiff asserting a claim based on a statutory violation must still demonstrate a concrete injury to establish standing. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation."). The Court noted that intangible injuries may

---

false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692(e)(10) deems "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" a violation of section 1692e. *Id.* § 1692e(10).

[3]*Spokeo* involved allegations that the defendant-consumer reporting agency had violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, by providing inaccurate information about the plaintiff on its "people search engine" website. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016). The plaintiff filed a putative class action suit against the defendant-consumer reporting agency, alleging the defendant had violated the FCRA by reporting these inaccuracies. *Id.*

The district court dismissed plaintiff's complaint for lack of standing, and the Ninth Circuit reversed, finding that the plaintiff had alleged that his statutory rights had been violated and that he has a personal, individualized interest in the handling of his credit information. *Id.* The Supreme Court then granted certiorari. The Supreme Court vacated the Ninth Circuit's opinion, holding that the Ninth Circuit had failed to determine whether the alleged procedural violations of the FCRA gave rise to harm sufficient to establish a concrete injury for Article III standing purposes. *Id.* at 1550. The Court did not opine as to whether the violations at issue resulted in a concrete injury. *Id.* The Court did, however, provide some guidance as to what kinds of statutory violations cause no concrete injury. *Id.* For instance, the Court noted that it was unlikely that the dissemination of an inaccurate zip code would create concrete harm required for Article III standing. *Id.*

be concrete and explained that "[i]n determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Id.*

The Court deemed Congress's judgment in identifying through statute intangible harms that meet Article III's standing requirements as "instructive and important." *Id.* However, the Court stated that a plaintiff does not automatically establish a concrete injury by citing a statute that grants a right and authorizes suit to vindicate that right. *Id.* A bare procedural violation that results in no harm does not satisfy the injury-in-fact requirement of Article III. *Id.* "This does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness." *Id.* Therefore, in some circumstances, alleging a harm identified by Congress through statute will be enough to establish an injury in fact. *Id.*

Since *Spokeo*, the Ninth Circuit has not yet considered whether a violation of the FDCPA establishes a concrete harm sufficient to confer Article III standing. However, the Eleventh Circuit and many district courts across the country have examined this issue.

In California, several district courts have considered whether plaintiffs who alleged statutory violations of the FDCPA suffered concrete injuries. In *Munoz v. California Business Bureau, Inc.*, the plaintiff-individual incurred medical debt that was later assigned to the defendant-debt collector for collection. No. 15-cv-01345, 2016 WL 6517655, at *1 (E.D. Cal. Nov. 1, 2016). The defendant-debt collector sued the plaintiff in California state court to recover on the debt, and the plaintiff hired legal counsel. *Id.* at *1. Pursuant to a stipulated settlement agreement, the plaintiff agreed to pay the debt, and the defendant-debt collector subsequently sent the plaintiff two demand letters to collect the settlement amount. *Id.* at *2. The plaintiff then sued the defendant-debt collector for violating the FDCPA by sending demand letters to the plaintiff while he was represented by counsel and misrepresenting the amount of money owed under the settlement agreement. *Id.* The defendant-debt collector argued that the plaintiff had not suffered an injury in fact and thus lacked standing to sue. *Id.* at *5.

The district court in *Munoz* held that the plaintiff had established a concrete injury sufficient for Article III standing purposes. *Id.* at *5. The Court noted generally that the

harmful practices identified by Congress and prohibited under the FDCPA are concrete injuries. *Id.* Then, the court identified as the plaintiff's specific concrete injuries: (1) being contacted by a debt collector who was aware that the plaintiff was represented by counsel, and (2) receiving from the debt collector a letter attempting to collect more money than was owed. *Id.*

Similarly, in *Tourgeman v. Collins Financial Services*, the court examined whether mailing a debt collection letter that allegedly violated the FDCPA established a concrete injury on behalf of the intended recipient. 197 F. Supp. 3d 1205 (S.D. Cal. 2016). In *Tourgeman*, the defendant-law firm sent the plaintiff-individual a letter in an attempt to recover money the plaintiff owed to one of the law firm's clients. *Id.* at 1207. The plaintiff never actually received the letter; instead, it was discovered after the plaintiff had initiated suit against the defendant-law firm. *Id.* at 1208. Nonetheless, the plaintiff argued that the defendant-law firm had violated the FDCPA because the letter erroneously identified the wrong original creditor and was signed by an attorney who was not meaningfully involved in the case. *Id.* The district court held that because the plaintiff had not received the letter until after the suit commenced, he had not suffered a concrete injury and lacked standing to pursue his FDCPA claims based on the letter. *Id.* at 1209. The court did note, however, that *if* the plaintiff had received the letter, that could suffice to demonstrate Article III standing "even if [receipt of the letter] did not result in detrimental actions on the part of the plaintiff." *Id.*

In *Horowitz v. GC Services Limited Partnership,* another California district court held that plaintiffs who received debt collection voicemails that violated the FDCPA had suffered concrete injuries for purposes of Article III standing. No. 14-cv-2512, 2016 WL 7188238, at *5–6 (S.D. Cal. Dec. 12, 2016). In *Horowitz*, one plaintiff-individual ("Plaintiff Horowitz") received a voicemail from the defendant-debt collector. *Id.* at *1. The defendant-debt collector was calling in regards to debt that belonged to a person previously associated with the telephone number, Plaintiff Hamby. *Id.* The defendant-debt collector left a voicemail, but did not identify itself as a collection agency or state that the

purpose of the call was to collect debt. *Id.* Plaintiff Horowitz and Hamby filed suit against the defendant-debt collector alleging, in part, the defendant-debt collector violated the FDCPA by leaving the voicemail. *Id.* at *2. The defendant-debt collector argued that the plaintiffs lacked standing. *Id.* at *3.

The district court held, in relevant part, that both plaintiffs had alleged concrete injuries for purposes of Article III standing. *Id.* at *5. The court found that Plaintiff Horowitz had established a concrete injury because he received the voicemail, spent time returning the call, and used cell phone plan minutes in order to do so. *Id.* The court also found that Plaintiff Hamby, who never received the voicemail, had established a concrete injury sufficient for standing purposes. *Id.* at *7. Because the defendant-debt collector believed it was leaving a voicemail for Plaintiff Hamby, the court found the defendant-debt collector had created a material risk of harm that Plaintiff Hamby would be informed of the message and deceived by it. *Id.* The Court noted that a material risk of harm can suffice to demonstrate an injury in fact for standing purposes. *Id.*

The Eleventh Circuit and district courts in other states have also considered whether FDCPA violations cause concrete injuries for purposes of Article III standing. These courts have answered in the affirmative. In doing so, these courts have distinguished *Spokeo* and held that Congress created the FDCPA to protect consumers from harmful debt collection practices thereby elevating FDCPA violations to cognizable, concrete injuries for Article III purposes. *See Church v. Accretive Health, Inc.*, 654 F. App'x. 990, 994 (11th Cir. 2016); *Bautz v. ARS Nat'l Servs., Inc.*, No. 16-768, 2016 WL 7422301, at *11–12 (E.D.N.Y. Dec. 23, 2016); *Saenz v. Buckeye Check Cashing of Ill.*, No. 16-6052, 2016 WL 5080747, at *2 (N.D. Ill. Sept. 20, 2016); *Hill v. Accounts Receivable Servs., LLC*, No. 16-219, 2016 WL 6462119, at *4–5 (D. Minn. Oct. 31, 2016).

In *Church v. Accretive Health, Inc.*, the Eleventh Circuit considered whether a plaintiff-individual had suffered a concrete injury upon receiving a debt collection letter that failed to include certain disclosures required by the FDCPA. 654 F. App'x. 990, 992–95 (11th Cir. 2016). The court held that the plaintiff had alleged a concrete injury because

she did not receive disclosures to which she was entitled. *Id.* The court explained that although the plaintiff's injury "may not have resulted in tangible economic or physical harm that courts often expect," harms need not be tangible to be concrete. *Id.* The court further found the plaintiff's injury was "one that Congress has elevated to the status of a legally cognizable injury through the FDCPA," and was based on a substantive right, which is distinguishable from the pure statutory violation alleged in *Spokeo*. *Id.*

The District Court for the Eastern District of New York has also considered whether a plaintiff who alleged a violation of section 1692e of the FDCPA, which is one of the statutes at issue in this action, suffered a concrete injury sufficient to establish Article III standing. *Bautz v. ARS Nat'l Servs., Inc.*, No. 16-768, 2016 WL 7422301, at *7–12 (E.D.N.Y. Dec. 23, 2016). The court held that section 1692e is a substantive legal right conferred by Congress through statute, and an alleged violation of that statute is substantive violation, not a procedural violation as was alleged in *Spokeo*. *Id.* at *8–12. The court further found that an alleged violation of a substantive right is sufficient to confer standing because infringement of a substantive right is a concrete injury. *Id.*

Other district courts have similarly found standing where an FDCPA violation was alleged. *See Saenz v. Buckeye Check Cashing of Ill.*, No. 16-6052, 2016 WL 5080747, at *2 (N.D. Ill. Sept. 20, 2016) (holding that a plaintiff who had received a misleading debt collection letter that allegedly violated the FDCPA had suffered a concrete harm "defined and made cognizable by statute," sufficient for Article III standing); *Hill v. Accounts Receivable Servs., LLC*, No. 16-219, 2016 WL 6462119, at *5 (D. Minn. Oct. 31, 2016) ("[Defendant]'s alleged violations of [Plaintiff]'s rights [under the FDCPA] to truthful information and freedom from efforts to collect unauthorized debt constitute an injury in fact.").

This Court concurs that an alleged violation of the FDCPA is a substantive violation that gives rise to a concrete injury for purposes of Article III standing. Congress created the FDCPA to protect consumers from harmful debt collection practices. In doing so, Congress provided consumers with the legally protected right to be free from these harmful

practices. The statutes at issue here protect consumers from receiving false and deceptive communications that attempt to collect debt or obtain consumer information. 15 U.S.C. §§ 1692e, 1692e(10). The violation of these sections infringes upon substantive—not procedural—rights and creates a real risk of harm to consumers. Thus, this action is distinguishable from *Spokeo*, where the Supreme Court spoke to procedural statutory violations that would not likely result in harm, like the dissemination of an incorrect zip code. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

Here, Plaintiff alleges that the he was harmed as a result of receiving Defendant's misleading debt collection letter because the letter created false impressions that Plaintiff had to give information about himself to Defendant and that Defendant was his creditor. These are concrete harms defined and made cognizable by Congress through statute. Plaintiff further established that he suffered concrete injuries by alleging that the letter left him confused and caused him to expend funds to hire an attorney to clarify his legal obligations. These harms are unlike the bare procedural violations mentioned in *Spokeo*. Rather, the misrepresentation of Plaintiff's debt-related obligations violates his substantive right as a consumer to be free from harmful debt collection practices. It also creates a real risk of harm that Plaintiff, as a consumer, will be deceived and the choices that he makes in response to the communication will be affected. Therefore, the Court finds that Plaintiff sufficiently alleged that he suffered a concrete injury for purposes of Article III standing.

### B. FDCPA

#### 1. Legal Standard

The FDCPA imposes requirements on debt collectors by regulating the manner in which a debt collector may contact a debtor. *See Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich LPA*, 559 U.S. 573, 576 (2010); *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009). "[T]he purpose of the FDCPA is to protect consumers broadly from improper practices and the statute is to be interpreted liberally for this purpose." *Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1305 (E.D. Cal. 2009) (citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171, 1175 (9th Cir. 2006)). The

FDCPA is a strict liability statute that "makes debt collectors liable for violations that are not knowing or intentional." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (internal quotation and citation omitted). "Proof of actual damages is not required for recovery under the FDCPA." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir. 1982).

To state a claim under the FDCPA, a plaintiff must show that: (1) he is a consumer under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA. *Wheeler v. Premiere Credit of North America, LLC*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015). Only the fourth prong—whether Defendant violated a provision of the FDCPA—is at issue here. (ECF No. 36-1 at 8–9; ECF No. 38-2 at 2–3.)

Violations of the FDCPA are evaluated using the least sophisticated debtor standard. *Davis v. Hollins Law*, 832 F.3d 962, 964 (9th Cir. 2016). "Whether conduct violates [§ 1692e] . . . requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (citing *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)). The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). "The standard is 'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naive,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061–62 (9th Cir. 2011) (quoting *Duffy v. Landberg,* 215 F.3d 871, 874–75 (8th Cir. 2000)).

Violations must also be material for a plaintiff to prevail on a FDCPA claim. Misrepresentations that are not material are not likely to mislead the least sophisticated debtor and therefore are not actionable. *Donohue*, 592 F.3d at 1033–34. ("In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one,

but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.")

### 2. Parties' Arguments

Plaintiff alleges that Defendant violated two provisions of the FDCPA, 15 U.S.C. § 1692e ("section 1692e") and 15 U.S.C. § 1692e(10) ("section 1692e(10)"), by including in its letter to Plaintiff language summarizing section 1788.21 of the California Civil Code. (ECF No. 36-1 at 8, 17, 19.)

Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."[4] 15 U.S.C. § 1692e. Section 1692e(10) similarly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

First, Plaintiff contends that Defendant's recitation of section 1788.21 in the letter violates sections 1692e and 1692e(10) of the FDCPA because the language deceptively creates the impression that Plaintiff has the obligation to send updated contact information to Defendant when no such obligation exists and was included in an attempt to obtain that information. (ECF No. 36-1 at 11–16.) Second, Plaintiff asserts that Defendant's inclusion of section 1788.21 in the letter violates sections 1692e and 1692e(10) because it misleads the least sophisticated debtor into believing that Defendant is a creditor rather than a debt collector. *Id.*

In opposition, Defendant argues that it did not violate section 1692e by including in its letter to Plaintiff a summary of section 1788.21.[5] Defendant contends that it is required

---

[4] Section 1692e goes on to list conduct that is a violation "without limiting the general application" of the statute. 15 U.S.C. § 1692e.

[5] In its opposition, Defendant argues that it did not violate section 1692e and makes no arguments specific to section 1692e(10). This is likely due to the confusing nature of Plaintiff's pleadings as Plaintiff argues generally that Defendant's actions violated the FDCPA without distinguishing between sections 1692e and 1692e(10) in his argument.

to advise Plaintiff of certain legal requirements and therefore provided an accurate restatement of section 1788.21 in the letter. (ECF No. 38-2 at 4.) Defendant notes that section 1692e prohibits "false, deceptive, [and] misleading representation[s]," but asserts that the letter is not false because it does not misstate section 1788.21, "is not deceptive because the letter does not use deception to get paid[,] . . . and is not misleading because it does not mislead the Plaintiff in order to obtain payment." *Id.* Defendant therefore asserts that it did not violate the FDCPA.

In reply, Plaintiff argues that a true statement can still be deemed misleading under the FDCPA. (ECF No. 43 at 6–7 (citing *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1059 (9th Cir. 2011)).

### 3. Analysis

Here, Defendant included in its letter to Plaintiff a sentence summarizing section 1788.21 of the California Civil Code. The sentence read,

> The Rosenthal Act, California Civil Code Section 1788.21, requires that within a reasonable time you notify your creditor or prospective creditor of any change in your name, address, or employment, if and only if the creditor clearly and conspicuously in writing disclosed such responsibility to you.

(ECF No. 36-3 at 2.)

Section 1788.21 actually reads,

> (a) In connection with any consumer credit existing or requested to be extended to a person, such person shall within a reasonable time notify the creditor or prospective creditor of any change in such person's name, address, or employment.
>
> (b) Each responsibility set forth in subdivision (a) shall apply only if and after the creditor clearly and conspicuously in writing discloses such responsibility to such person.

---

(*See* ECF No. 36-1 at 16, 19.) While the Court takes note of this, it has no effect on the Court's ultimate decision.

A debt collector does not violate the FDCPA by including in a debt collection letter an accurate, relevant statement of law. *See Anderson v. Credit Collection Servs.*, 322 F. Supp. 2d 1094, 1097–99 (S.D. Cal. 2004); *Robbins v. Wolpoff & Abramson LLP*, 422 F. Supp. 2d 1011, 1013–15 (E.D. Wis. 2006). In *Anderson v. Credit Collection Services*, a plaintiff-individual received from the defendant-debt collection agency a debt collection letter that cited section 1692c(b) of the FDCPA. 322 F. Supp. 2d 1094, 1095–96 (S.D. Cal. 2004). The plaintiff filed suit against the defendant-debt collector claiming that the statutory reference in the letter was false, deceptive, and misleading because it implied "that legal action w[ould] soon commence." *Id.* at 1096. The district court disagreed and held that the defendant-debt collector had not violated the FDCPA by including statutory language in its debt collection letter. *Id.* at 1099. The court explained that an accurate and complete statutory citation does not violate the FDCPA and thus deemed the plaintiff's argument to be "without merit." *Id.* at 1098.

Similarly, in *Robbins v. Wolpoff & Abramson LLP,* a defendant-debt collector sent the plaintiff-individual a debt collection letter that "tracked, with only minor additions and variations, the entire text of [FDCPA] § 1692g." 422 F. Supp. 2d 1011, 1012–13 (E.D. Wis. 2006). The plaintiff filed suit against the defendant-debt collector arguing that the inclusion of the statutory language violated the FDCPA because it was confusing and discouraged "an unsophisticated consumer from knowing and exercising her or his rights." *Id.* at 1012. The district court granted the defendant-debt collector's motion to dismiss, holding that a debt collection letter that includes "identical or closely paraphrased statutory language"—absent more—"cannot state a claim for confusion as a matter of law." *Id.* at 1015.

Although not precedential, the Court also notes that the Ninth Circuit has held, in an unpublished decision, that a debt collector does not violate the FDCPA by including in a debt collection letter paraphrased language explaining the obligations that section 1788.21(a) imposes on a debtor. *Van v. Grant & Weber*, 308 F. App'x 46, 48 (9th Cir. 2008). In *Van*, the plaintiff-debtor filed suit against the defendant-debt collector alleging

14

that the defendant-debt collector had violated the FDCPA by including in a collection letter language stating, "[t]he Rosenthal Act, California Civil Code Section 1788.21, also requires that you notify your creditor of your change of name, address, or employment for any existing consumer credit." *Id.* at 47. The district court granted summary judgment in favor of the defendant-debt collector, and the plaintiff appealed. The Ninth Circuit affirmed the district court's decision, holding that "because the letter did no more than explain the obligations California Civil Code § 1788.21(a) imposed upon [the plaintiff], without misconstruing the meaning of the section," the defendant-debt collector had not used any "false, deceptive, or misleading representation[s] . . . or any unfair or unconscionable means to collect . . . debt" under the FDCPA. *Id.* at 48.

Here, the Court finds that Defendant's summary of section 1788.21 in the letter sent to Plaintiff is an accurate representation of the law. Defendant's letter only slightly modifies the statutory language of section 1788.21. In no way does Defendant's letter change the meaning of section 1788.21. Instead, Defendant's letter truthfully explains section 1788.21's requirements in a way that is easier to understand than the actual statutory language. The Court concurs with *Anderson v. Credit Collection Services*, 322 F. Supp. 2d 1094 (S.D. Cal. 2004) and *Robbins v. Wolpoff & Abramson LLP,* 422 F. Supp. 2d 1011 (E.D. Wis. 2006), and finds that including in a debt collection letter an accurate statement of law—with nothing more to change its meaning—is not false, misleading, or deceptive, and therefore does not violate the FDCPA. Therefore, Defendant did not violate the FDCPA by including in its debt collection letter an accurate summary of section 1788.21.

Plaintiff cites to *Gonzales v. Arrow Financial Services., LLC*, 660 F.3d 1055, 1059 (9th Cir. 2011) for the proposition that a truthful statement can nonetheless be misleading and violate the FDCPA. (ECF No. 43, pg. 6–7.) Plaintiff's argument, however, is unpersuasive as *Gonzales* is highly distinguishable from the instant action. In *Gonzales*, the defendant-debt collector included in a debt collection letter conditional language implying a threat to take action against the plaintiff-individual that could not legally be

taken. *Id.* at 1059, 1062–63. Further, the conditional language did not recite or summarize a statute. The Ninth Circuit held, in part, that this conditional language was misleading and thus violated section 1692e(10) of the FDCPA. *Id.* at 1063. Here, Defendant merely cited to and accurately summarized statutory language without misconstruing the meaning of the statute. Thus, *Gonzales* is not relevant or applicable.

Similarly unpersuasive is Plaintiff's argument that Defendant's inclusion of section 1788.21 violates the FDCPA because it misleads the least sophisticated debtor into believing that Defendant is a creditor rather than a debt collector. In its debt collection letter, Defendant never identifies itself as the creditor. Rather, Defendant's letter clearly states that Cardiology Associates Medical is the creditor, that Plaintiff's account has been assigned to Defendant for collection, and that Defendant is a collection agency. (ECF 36-3 at 2.) Defendant's letter simply summarizes section 1788.21 and the potential requirements it sets forth between Plaintiff and the creditor, which Defendant never purports to be.

In sum, the Court finds that Defendant did not violate the FDCPA by including in its debt collection letter an accurate summary of section 1788.21.

### C. ROSENTHAL ACT

The Rosenthal Act is California's version of the FDCPA. *See* CAL. CIV. CODE §§ 1788 *et seq*. The Rosenthal Act "mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). Accordingly, whether an act "violates the Rosenthal Act turns on whether it violates the FDCPA." *Id.* "Rosenthal Act violations and FDCPA violations are viewed identically." *Horowitz v. GC Servs. Ltd.,* No. 14-cv-2512-MMA (RBB), 2015 WL 1959377, at *9 (S.D. Cal. Apr. 28, 2015). Thus, for the same reasons that Defendant did not violate the FDCPA, the Court finds that Defendant did not violate the Rosenthal Act.

/ / /

/ / /

### D. PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

Additionally, the Court enters partial summary judgment *sua sponte* for Defendant. Rule 56(f) of the Federal Rules of Civil Procedure states that "[a]fter giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant." FED. R. CIV. PROC. 56(f)(1). The Ninth Circuit has clarified this power to mean that "where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment for the nonmoving party." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (citations omitted).

Here, in bringing his motion for partial summary judgment, Plaintiff presented to the Court all facts and arguments as to why Defendant's letter violated the FDCPA and the Rosenthal Act by summarizing section 1788.21. The material facts presented were undisputed by the parties, so no further factual determinations are necessary. Instead, the sole issue at hand was a question of law. As noted above, the Court determined that Defendant's letter did not violate the FDCPA or the Rosenthal Act by summarizing section 1788.21. Because Plaintiff has had "a full and fair opportunity to prove its case, but has not succeeded in doing so," it is appropriate to *sua sponte* grant partial summary judgment in favor of Defendant regarding Plaintiff's FDCPA and Rosenthal Act claims based on the inclusion of a summary of section 1788.21 in the debt collection letter. *See id.*

## VI. CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion for partial summary judgment (ECF No. 36) is **DENIED**;
2. Partial summary judgment is *sua sponte* **GRANTED** in favor of Defendant regarding Plaintiff's FDCPA and Rosenthal Act claims based on Defendant's inclusion of a summary of section 1788.21 in the debt collection letter; and
3. In light of *Diaz v. Kubler Corp.*, 785 F.3d 1326 (9th Cir. 2015), Plaintiff is **ORDERED TO SHOW CAUSE** why his remaining two claims—violation of the FDCPA and the Rosenthal Act based on Defendant's demand in the debt collection letter for interest on Plaintiff's debt —should not be dismissed.

To do so, Plaintiff shall file and serve a memorandum of points and authorities on or before **April 3, 2017**. Defendant may file a response thereto on or before **April 10, 2017**. Thereafter, the Court will take this matter under submission pursuant to Civil Local Rule 7.1(d)(1). No oral argument or personal appearances shall be made unless otherwise ordered.

**IT IS SO ORDERED.**

Dated: March 20, 2017

DAVID H. BARTICK
United States Magistrate Judge